## STATE *vs.* WILLIAM WILSON.

An averment in an indictment for highway robbery, "That W. W., late of the County of Yancey, at and in the County aforesaid, in the common highway of the State, did then and there feloniously assault one F. L., and did then and there put him in fear of his life, and ten pounds of coffee, &c., did then and there feloniously and violently steal, take and carry away, &c.," is made with sufficient certainty. There is sufficient certainty to support a plea of *autrefois acquit, or convict,* and sufficient certainty to apprize a prisoner of the place where the offence was committed.

This was an indictment for highway robbery, tried before *Henry,* J., at Spring Term, 1872, of YANCEY Superior Court.

The bill of indictment was in the following form, viz:

The jurors for the State, upon their oaths present, that Riley Ramsey, Joseph Ramsey and William Wilson, late of Yancey county, on the 28th day of May, A. D., 1866, with force and arms, at and in the county aforesaid, in the common and public highway of the State, then and there, in and upon one Finley

Laws, in the peace of God and the State, feloniously did make an assault, and him the said Finley Laws in bodily fear and danger of his life, in the highway aforesaid, then and there feloniously, ten pounds of coffee, ten pounds of sugar of the value, &c., &c., of the goods of one M. P. Penland, from the presence and against the will of the said Laws, in the highway aforesaid, then and there feloniously did steal, take and carry away, against the peace &c., &c.

Upon the evidence in the case, the defendant was convicted, in manner and form as charged &c. Verdict guilty. Motion in arrest of judgment, because the indictment did not specify more particularly the locality of the highway. Motion overruled; judgment and appeal to the Supreme Court.

*Attorney General* and *Battle & Son,* for the State.
No counsel for the defendant.

PEARSON, C. J. The ground, upon which the motion in arrest of judgment is put, is too attenuated to support the motion, and falls within the meaning of the word "refinement," as used in Rev. Code, ch. 35, sec. 14.

That William Wilson, with force and arms, at and in the county of Yancey, *in the common and public highway of the State,* then and there did feloniously assault the said Finley Laws, and did then and there put him in fear of his life, and ten pounds of coffee, did then and there feloniously and violently steal, take and carry away; is certainly indefinite in regard to the particular place at which the robbery is alleged, and could have been made more certain, by alleging that the robbery was committed in a common and public highway of the State, leading from the town of Burnsville to the Tennessee line in the direction of city of Johnson; or, if such had been the fact, by alleging that the robbery was committed in a common public highway of the State, in the county of Yancey,

leading from the town of Burnsville, in the direction of the town of Asheville in the county of Buncombe.

The question is, Do the rules of law, applicable to criminal proceedings, require the State to notify the prisoner of the particular place at which it is alleged he committed the crime; or is it sufficient to notify him that he is charged with having committed robbery, upon a highway in the county of Yancey?

We think the averment in the indictment is made with sufficient certainty, and, at all events, that it is covered by the statute above referred to. There is sufficient certainty of description, to support a plea *autrefois acquit or convict*, and there is sufficient certainty to apprise the prisoner of the place at which it is alleged that he committed the offence; so that, he could not have been misled.

It is charged, that A. B., one bushel of corn the property of C. D., in the county of Yancey, then and there being found, did feloniously steal, take and carry away. This is sufficiently certain to support the plea of *autrefois acquit or convict*, and to inform the prisoner that he is charged with stealing the corn of C. D., at some place in the county of Yancey. We see no reason for requiring greater certainty, in setting out the particular highway, or the particular part of the highway, of the State in the county of Yancey, in charging the offence of robbery on the highway of the State in said county.

There is no error. This will be certified to the end &c.

PER CURIAM. Judgment affirmed.